CONOVER, Respondent, vs. MANKE and others, Appellants.

*February 4 — February 28, 1888.*

*(1) Sale of chattels: Breach of contract: Damages: Pleading. (2) Error in excluding evidence, when cured.*

1. In an action upon a contract for the sale and delivery of chattels, where the complaint alleges that the defendant refused to deliver the property, to the damage of the plaintiff in a certain sum, it need not further allege the price or value of the property at the time and place of delivery, or that the plaintiff could have resold the same at a profit.

2. Where the court had erroneously sustained objections to a large number of questions asked for the purpose of proving a certain fact, the subsequent withdrawal of a similar question which was not objected to does not cure the error.

APPEAL from the Circuit Court for *Manitowoc* County.

Action to recover damages for the breach of a written agreement for the sale and delivery of a quantity of cheese to the plaintiff by the defendants, who were manufacturers of cheese. The facts are sufficiently stated in the opinion. The defendants appealed from the judgment of the circuit court reversing the judgment of the justice.

The cause was submitted for the appellants on briefs by *Schmitz & Kirwan* and *G. A. Forrest,* and for the respondent on the brief of *M. C. Mead* and *Nash & Nash.*

COLE, C. J. This appears to us to be a very plain case. We have not the time nor the patience, nor do we deem it necessary, to go through the elaborate briefs of the counsel for the appellants and notice all the points relied on by them to sustain the judgment of the trial court. They have gone largely into the law relating to pleadings, evidence, agency, and sales of personal property,— a discussion of which is interesting, but which, as we have intimated, it is not necessary to enter upon in the decision of this case.

The action was commenced before the county judge of
Manitowoc county, with the jurisdiction of justice of the
peace.    It was based upon a written contract for the sale
of a quantity of cheese.    The contract, on the part of the
defendants, was signed by one *John Pape*, "salesman."
The complaint alleged that *Pape* was duly authorized to
make the contract on behalf of the defendants.    On the
trial before the justice the complaint was dismissed.    The
cause was then taken to the circuit court, where it was
heard on the return of the justice, and the judgment of the
justice was reversed.    We are now called upon to review
the decision of the circuit court, which we deem correct.

It is insisted that the circuit court erred in holding that
the complaint stated a cause of action.    The objection to
the complaint is clearly untenable.    After setting forth the
substance of the written agreement, it is alleged that the
plaintiff, at the time and place appointed, was ready and
willing to receive the cheese and pay for it according to the
agreement; but that the defendants neglected to perform
on their part, and refused to deliver the property, to the
damage of the plaintiff $79.    The specific objection to the
complaint is that it should have alleged the price or value
of the cheese at the time and place of delivery, or that the
plaintiff could have resold the same at a profit.    Of course
the plaintiff, to show his damages by reason of the failure
of the defendants to perform, would be obliged to prove
that the contract price was less than the market price at
the place of delivery.    In other words, that he had suffered
loss by the breach.    But it is not necessary that the plaintiff
should set forth his evidence in the complaint.    We con-
sider the complaint entirely sufficient, and shall spend no
further time in considering objections to it.

It is next insisted that the circuit court erred in holding
that the evidence given on the part of the plaintiff on the
trial before the justice, together with that which was of-

fered and excluded, was sufficient to make out a case. The circuit court doubtless held that proper testimony was offered and excluded by the justice, and that in fact the plaintiff was prevented from proving the cause of action stated in the complaint. In that view we fully concur. Question after question was asked, which had a tendency to prove that *Pape* had original power to make the contract and bind the defendants; that the cheese-maker, *Manke*, who, the answer alleges, only had power to sell, had seen the contract sued on and approved of it, and promised to deliver the cheese; that the committee likewise saw the contract and ratified it; that *Pape* was jointly interested in the manufacture and sale of the cheese, and had made contracts of sale with other parties. These, and in short nearly every question asked, were objected to as immaterial, incompetent, and "out of the order of proof," and were excluded. We are at a loss to know what idea the justice had of the "proper order of proof." We should infer from his ruling that he considered no evidence offered to prove the plaintiff's case was in order. At all events, he excluded much material testimony. Finally, the witness was asked this question: "Do you know if the committee and cheese-maker appointed by the defendants authorized the defendant *Pape* to make sales of cheese for the defendants, and do all things necessary in and about executing contracts?" The defendants did not object to this question, but the plaintiff withdrew it. It is argued that, as the plaintiff had an opportunity to prove his case by this question and failed to do so, all errors in excluding proper testimony were cured. We cannot adopt that view. The justice had already repeatedly excluded specific questions to prove *Pape's* authority, and all questions from which his authority might be inferred; questions as to ratification, etc.; and the plaintiff would not feel at liberty to go into these matters again under the general question. After the

plaintiff had attempted to bring before the justice proof of agency, ratification, etc., and the justice had excluded the evidence, the plaintiff was bound by respect to submit to the rulings of the justice. It would have been unseemly for him to persist in going over the same matters to prove his case, or to offer evidence of facts to establish it which had already been held improper. It is said that the plaintiff offered no proof that he was present, ready and willing to perform the contract by accepting and paying for the cheese. Why should he offer such testimony. He was not permitted to show that a contract had been made which bound the defendants. It is very manifest that the cause of justice would have been better subserved if the case had been tried upon its merits, without regard to " tactical maneuvers for position on the record."

*By the Court.*— The judgment of the circuit court is affirmed.